IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | |
|---|---|
| In Re the Detention of:<br><br>L.L. | No. 87326-1-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

PER CURIAM — L.L. appeals the trial court's 14-day involuntary commitment order. L.L. contends, and respondent Fairfax Behavioral Health Hospital (Fairfax) concedes, that the order must be reversed because he was not properly informed that he could avoid the loss of his firearm rights if he submitted to voluntary treatment.

At the time of a probable cause hearing for involuntary commitment and before entry of an order of commitment, either the court or the prosecutor "shall inform the person both orally and in writing that the failure to make a good faith effort to seek voluntary treatment. . . will result in the loss of his or her firearm rights if the person is subsequently detained for involuntary treatment." RCW 71.05.240(2). To satisfy this requirement, the subject of the petition must be explicitly advised that the loss of firearm rights can be avoided by voluntary participation in treatment. *In re Detention of T.C.*, 11 Wn. App. 2d 51, 63, 450 P.3d 1230 (2019).

Here, the court informed L.L.'s counsel, "I think I have to advise your client that if I do make a finding that commitment is warranted, that he would lose the right to possess a firearm," but did not explain that L.L. could prevent the loss of this right by

agreeing to treatment. Fairfax concedes that the advisement was insufficient. We accept Fairfax's concession of error and reverse and remand for an order vacating the 14-day commitment finding.[1]

Reversed and remanded.

FOR THE COURT:

_____
Smith, J.

_____
Chung, J.

_____

---

[1] Given this decision, we do not reach the other issues raised on appeal.